UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ESTATE OF JILL WERNER, DECEASED, BY AND THROUGH AMANDA WERNER, PERSONAL REPRESENTATIVE,**

    Plaintiff,

vs.                        Case Number:

**UNITED STATES OF AMERICA,**

    Defendant.

_____/

**COMPLAINT**

The Plaintiff, AMANDA WERNER, as PERSONAL REPRESENTATIVE OF THE ESTATE OF JILL WERNER, deceased, sues the Defendant, UNITED STATES OF AMERICA (hereinafter "U.S.A."), and allege:

1. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2. Plaintiff's Decedent, JILL WERNER, was a Veteran of the United States Armed Forces and, at all times material, received medical care and treatment from the Veterans Administration located in Bay Pines, Florida.

3. At all times material to this action, JILL WERNER was the parent of and is survived by her daughters, AMANDA WERNER and APRIL WERNER.

4. AMANDA WERNER was appointed Personal Representative of the Estate of JILL WERNER on October 11, 2018, a copy of which is attached as Exhibit A.

5. This Court has jurisdiction under the Federal Tort Claims Act and the provisions of 28 U.S.C. §1346(b).

6. Pursuant to 28 U.S.C. § 1346(b), the United States, if a private person would be liable to the Plaintiffs for any breach of duty consistent with the laws of Florida, and in particular, §766.102, *Florida Statutes,* which determines the standards for medical negligence in the state, this Court would have exclusive jurisdiction of the claims brought.

7. Pursuant to §766.104, *Florida Statutes,* Plaintiff has made a reasonable investigation as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of Plaintiff's Decedent.

8. Pursuant to the provisions of 28 U.S.C. §2675, on or about July 29, 2019, the Plaintiff, AMANDA WERNER, as Personal Representative of the Estate of Jill Werner, provided written notice to the Defendant, U.S.A., of her claims for money damages. The Claim was denied. The Standard Form 95 form and the denial are attached hereto as Exhibits B and C, respectively.

9. Accordingly, under 28 U.S.C. §2675(a), all conditions precedent to filing suit have been either waived or performed.

10. At all times material hereto, JILL WERNER, was scheduled to undergo right-sided video-assisted thoracic surgery (VATS) with possible thoracotomy, including right upper lobe wedge resection and possible lobectomy by Dr. Edward Hong.

11. On or about October 12, 2017, JILL WERNER was cleared for surgery by Jennifer Broderick, P.A. and Dr. Edward Hong.

12. On November 1, 2017, Dr. Hong performed a flexible bronchoscopy, right VATS which was converted to thoracotomy, right posterior segmentectomy, completion of pneumonectomy, and lymphadenectomy.

13. The VATS procedure was converted to a thoracotomy due to excessive bleeding. Three vascular surgeons were called in to assist and a complete pneumonectomy was performed to control the bleeding. The estimated blood loss was 1600 ml, and four units of packed red blood cells were transfused. Ms. Werner's hematocrit and hemoglobin levels were normal and her white blood count was elevated at 22.6. She was placed on a Milrinone drip for hemodynamic instability and then transferred to the SICU on a ventilator.

14. On November 2, 2017, Ms. Werner required two pressors to mean arterial pressure. She also required Lasix for adequate urine output. Her hemoglobin and hematocrit levels were stable, however an echocardiogram demonstrated elevated right ventricular systolic pressure. She was extubated at 12:45 and placed on 2l O2 via nasal cannula. Throughout the course of that day, Ms. Werner's creatinine and white blood levels continued to rise. At 1:05 p.m. her creatinine level was 1.81 and at 4:35 p.m. it was 1.96. A nephrology consult was sought due to the rising creatinine levels which the urologist thought was likely due to an acute kidney injury from hypoperfusion.

15. At 9:35 p.m. that night, Ms. Werner had a high troponin level of 1.5.

16. On November 3, 2017, labs drawn at 3:00 a.m. indicates Ms. Werner had a high lactic acid level of 2.7 and an increasing troponin of 1.61. Her creatinine continued to increase as well and she remained on pressor support. Antibiotics were initiated for the elevated white blood count. At 9:30 a.m. Ms. Werner's creatinine level was 2.91 and her troponin level was 2.89. She was tachycardic at 180-190 bpm and was in atrial fibrillation according to an EKG performed. An Amiodarone drip was started.

17. A cardiology consult was sought for evaluation of the elevating troponins. Cardiology noted Ms. Werner was in moderate respiratory distress but was alert and oriented.

She complained of surgical pain in her chest but had no new chest pains or worsened shortness of breath. The cardiologist, Dr. Paszczuk noted that this was an operative case complicated by vascular injury requiring vascular surgery intervention, thoracotomy and pneumonectomy. Dr. Paszczuk diagnosed demand ischemia NSTEMI (non-ST elevation myocardial ischemia) in the setting of hypotension.

18. Ms. Werner's creatinine, troponin and white blood counts continued to climb. Her lactic acid level rose to 4.0. She was experiencing increased respiratory distress and she was reintubated. A bicarb drip was started because she was acidotic. An abdominal x-ray showed possible bowel wall thickening.

19. Mrs. Werner had bloody output from her NG tube. It was determined she was in multisystem organ failure and there was concern for an intrabdominal source of SIRS response. She was determined to be too unstable for an EGD. CRRT (continuous renal replacement therapy) was started for renal failure. She was in a hypercoagulable state and the dialysis catheter was clotted. Her prognosis at this time was grave.

20. By 8:45 p.m. on November 3, 2017, Ms. Werner's labs were extremely elevated. Her prothrombin level was 32.7, her prothrombin time was 44.6; her sodium was elevated as was her creatinine, AST and ALT levels. Her troponin level was extremely high at 6.93 and her white blood count was 23.8.

21. The nephrologist saw Ms. Werner at 9:18 p.m. and ordered that CRRT be withheld due to high venous pressure. She had received approximately 5 minutes of therapy. Clots were found in the non tunneled catheter. The access port was changed and CRRT was resumed. She was noted to have profound acidemia despite medical management.

22. Ms. Werner's abnormal labs continued to climb and her acidosis worsened.

23. Repeat abdominal x-rays were performed which showed extraluminal air and multiple dilated distal small bowel and colon which was likely ischemic bowel. She was not stable for surgery. Shortly after that, the cardiac monitor changed from a narrow complex a-fib to a wide complex bradycardic rhythm which quickly deteriorated to asystole. At 4:30 a.m. on November 4, 2017 a code blue was initiated but was ended at approximately 4:41 a.m. at the request of Ms. Werner's family. Ms. Werner expired thereafter.

24. The cause of death was noted to be cardiac arrest due to severe sepsis, suspected bowel perforation, due to hypoperfusion.

25. One or more physicians, physician assistants, nurse practitioners and/or nurse employees breached that standard of care to JILL WERNER in one or more of the following respects:

As to the primary surgeon, Dr. Edward Hong and/or the assisting surgeons, Brad L. Johnson, M.D., Godfrey R, Parkerson, M.D. and Diana Walter, M.D. :

   a. Failed to use appropriate surgical technique to safely properly perform the planned surgery;

   b. Failure to ensure no damage occurred to surrounding cardiac tissue and blood vessels;

25. As a direct and proximate result of the negligence of this Defendant, as alleged above, the Plaintiff's Decedent, JILL WERNER, developed metabolic acidosis and multisystem organ failure resulting in multiple conditions including, but not limited to sepsis, hypercoagulation, cardiac arrest and ultimately death.

25. As a direct and proximate result of the aforesaid negligence of the Defendant, JILL WERNER suffered bodily injury in and about her body, resulting in greatly increased pain and suffering, and death.

26. As a direct and proximate result of the aforesaid negligence of the Defendant, AMANDA WERNER and APRIL WERNER suffered the loss of the parental relationship they had with their mother as well as the loss of companionship, love and support.

WHEREFORE, AMANDA WERNER, as Personal Representative of the ESTATE OF JILL WERNER, prays for judgment against the Defendant, UNITED STATES OF AMERICA, damages in an amount in excess of $75,000.00 together with costs and such other relief as this court deems just.

*/s/ Vanessa L. Brice*
**VANESSA L. BRICE, Esq.**
Florida Bar No.: 0076434
**COLLING GILBERT WRIGHT & CARTER**
The Florida Firm
801 N. Orange Avenue
Suite 830
Orlando, FL 32801
Telephone:	(407) 712-7300
Telefax:	(407) 712-7301
Attorneys for Plaintiff
vbrice@thefloridafirm.com